**UNITED STATES DISTRICT COURT**
PROBATION AND PRETRIAL SERVICES
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 4:15-MJ-288-BJ-1 |
| ) | |
| ROBIE LYNN SIMS ) | |

FILED

AUG 1 3 2015

CLERK, U.S. DISTRICT COURT
By_____
Deputy

## Report of Violation of Conditions of Pretrial Release

COMES NOW Robert Honstein, U.S. Probation Officer, presenting a report to the court upon the conduct of defendant, Robie Lynn Sims, who was placed on pretrial release supervision by the Honorable Magistrate Judge Jeffrey L. Cureton sitting in the court at Fort Worth, Texas, on July 16, 2015, under the following conditions:

(7g) The defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:

(7m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7o) The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

The undersigned has information that the defendant has violated such conditions in each of the following respects:

On July 17, 2015, the defendant reported to the Fort Worth probation office as instructed and submitted a urine sample for that tested positive for marijuana and amphetamines. The defendant admitted to using marijuana regularly prior to being placed on pretrial bond, but she denied using meth/amphetamines since the onset of her pregnancy about 3 months ago. The defendant was referred to Phoenix Associates Counseling Services (PACS) for a substance abuse evaluation, and she was strongly encouraged to get into a Sober Living inpatient program.

On July 24, 2015, the defendant reported to the Helping Open People's Eyes (HOPE) clinic in Fort Worth, Texas, and she provided a urine sample that tested positive for amphetamines. The defendant's urine sample which tested positive for amphetamines locally was subsequently submitted to the Alere national lab for confirmation. On August 8, 2015, a confirmation report was received from the Alere national lab indicating the urine sample in question tested negative for amphetamine use at their lab.

On August 4, 2015, notification was received from PACS Counselor Shelly Hertter stating the defendant failed to show for her substance abuse intake assessment at 11:00AM on that date. The defendant was subsequently contacted about her no show for her intake, and she denied missing an appointment and claimed her intake was scheduled for August 18, 2015. On August 13, 2015, PACS Receptionist Nancy Brown was contacted, and she confirmed the defendant was scheduled for an intake on August 4, 2015 and then failed to show up for the intake.

On August 12, 2015, the defendant reported to the U.S. Probation Office in Fort Worth, Texas, and she was confronted about illicit drug use. The defendant denied using illicit drugs while on pretrial bond and attributed her positive drug test to her Primatene asthma medication and Albuterol & Combivalent prescribed inhalers. The defendant's explanation was staffed with Drug Analyst Specialist Doyle Wilson, and he reported it is possible that the urine sample submitted by the defendant on July 24, 2015 tested positive locally due to her Primatene medication, but the urine sample submitted by the defendant on July 17, 2015 was positive due to illicit drug use after being released on pretrial bond in his opinion. Specialist Wilson stated the high level of meth/amphetamine present in the urine sample submitted on July 17, 2015 indicates the defendant used meth/amphetamine while on pretrial bond. Specialist Wilson explained that meth/amphetamine will only remain in a person's system for 72 hours and the defendant had been in custody since July 10, 2015 prior to being released on pretrial bond on July 16, 2015. The defendant's urine sample which tested positive for meth/amphetamine on July 17th was subsequently submitted to the Alere national lab for confirmation and the results are pending.

On August 12, 2015, Drug Enforcement Agency (DEA) Task Force Officer Cy Crum advised U.S. Probation Officer Robert Honstein that the defendant had contact with her co-conspirator, Billy Bullitt, on numerous occasions since being released on pretrial bond. Officer Crum provided Officer Honstein with Parker County jail phone records showing the defendant had telephone contact with Billy Bullit on 43 occasions from July 30, 2015 to August 12, 2015. Officer Crum also provided Officer Honstein with Parker County jail phone recordings of conversations between the defendant and Billy Bullit. Officer Honstein listened to three Parker County jail phone recordings of conversations between the defendant and Billy Bullit and easily recognized the defendant through her voice and dialogue as the person conversing with Billy Bullit.

The undersigned suggests to the court that a warrant be issued for the arrest of the defendant, and that a hearing be scheduled for consideration of revocation of the defendant's conditions of pretrial release.

I declare under penalty of perjury that the foregoing
is true and correct.

Executed on August 13, 2015                          Approved,

s/Robert Honstein                                    s/Cecilio Bustamante
U.S. Probation Officer                               Supervising U.S. Probation Officer
Ft Worth                                             214-753-2506
817-900-1876
Fax: 817-978-3726

## Order

Having considered the report of the Probation Office pertaining to possible violations by defendant, Robie Lynn Sims, of his/her conditions of pretrial release, the court ORDERS that:

☐ No action be taken.

[enter text]

☐ The Order Setting Conditions of Release is modified to include the following:

[enter text]

☐ A summons be issued and the defendant appear before a judge of this court to determine whether his/her conditions of pretrial release should be revoked.

☑ A violator's warrant be issued, and the above-named defendant be arrested forthwith and brought before a judge of this court to determine whether his/her conditions of pretrial release should be revoked. Petition and warrant sealed and not be distributed to counsel of record until effectuated.

☑ The office of the U.S. Attorney for the Northern District of Texas file a motion to revoke the conditions of the defendant's pretrial release, consistent with the information contained in the foregoing Report, and take such steps as are necessary to present such motion at the hearing thereon.

☑ File under seal until further order of the Court.

_____
Jeffrey L. Cureton
U.S. Magistrate Judge

[enter date] 8/13/15
Date